UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

_____ :
In re:                               :        Chapter 13 Case
    Marlene Karen Russbach-Esposito, :        Case No. 21-30293(AMN)
                          *Debtor.*   :
_____ :        RE: ECF Nos. 37, 55

MEMORANDUM OF DECISION AND ORDER
DISMISSING CHAPTER 13 CASE WITH A ONE YEAR BAR

Before the court is the Chapter 13 Trustee's motion seeking dismissal with prejudice of the debtor's – Marlene Karen Russbach-Esposito ("Debtor") – Chapter 13 case pursuant to 11 U.S.C. §§ 105(a), 349, 1307. ECF No. 37 (the "Trustee's Motion"). On the eve of the hearing for the Trustee Motion, the debtor filed her own motion to dismiss her Chapter 13 case pursuant to § 1307(b) ("Debtor's Motion"). This is the fourth bankruptcy case filed by the Debtor. Because the Debtor earned a Chapter 7 discharge in case number 18-30989, she is not eligible for a Chapter 13 discharge in this case. That means the only apparent advantages to filing a Chapter 13 case would be to invoke the automatic stay pursuant to 11 U.S.C. § 362(a) and to propose and confirm a Chapter 13 Plan.

The Chapter 13 Trustee asserts dismissal with a bar to refiling is warranted because the Debtor filed four bankruptcy cases calibrated to the date of a foreclosure sale or the date a Committee for Sale incurred expenses. ECF No. 37, ¶ 1. After review of the filing history here and the information summarized in ¶ 4 of the Trustee's Motion, the court agrees the filing dates of the bankruptcy cases appear to be intended to thwart the state court foreclosure process. The Chapter 13 Trustee also notes that in two of the Debtor's prior cases she made no plan payments as required by 11 U.S.C. §

1

1326, indicating a lack of good faith in commencing or prosecuting the Chapter 13 cases.  Based on these factors, the court concludes the Debtor engaged in an improper scheme by filing her three Chapter 13 bankruptcy cases for the sole purpose of delaying and frustrating a state court foreclosure action.

Bankruptcy Code § 1307 governing dismissal of Chapter 13 cases provides, in part, as follows:

> (c)    Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…
> 11 U.S.C. § 1307.

Subsection (c) further provides "a non-exhaustive list of events that would be considered 'for cause.'  Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted).  A court must review the totality of the circumstances to determine whether a case should be dismissed for lack of good faith. *Ciarcia,* 578 B.R. at 499-500. The totality of the circumstances analysis "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (*quoting In re Love*, 957 F.2d 1350, 1357 (7th Cir.1992)).  While dismissal of a case is generally without prejudice, § 349(a) "at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999).  Section 349(a) provides that

2

"[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349.  "Thus, if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

In addition to the authority to dismiss a case for cause set forth in §§ 1307(c) and 349(a), § 105(a) provides that "[n]o provision of this title … shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105(a).  Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief.  *See* 8 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (*citing In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), reconsideration denied, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code")). Thus, § 105(a) empowers the court to act as necessary to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

Here, after a review of the totality of the circumstances, I conclude this fourth bankruptcy case was not filed in good faith, there is cause to dismiss the case, and

3

there is a basis to impose a bar to refiling for a limited period to prevent an abuse of the bankruptcy process.  In July 2021, the Debtor failed to appear for a hearing to consider dismissal of the case with prejudice and, in deference to the Debtor's *pro se* litigant status and her steps to pursue this Chapter 13 case, the hearing was continued to August 12, 2021.  Rather than appear at the hearing on August 12, 2021 or object to the Chapter 13 Trustee's request for a bar to refiling, the Debtor filed her own motion to dismiss on the eve of the hearing.  Granting the Debtor's Motion and dismissing the case without a bar will create the opportunity for a fifth bankruptcy case to thwart the long-pending state court foreclosure action.  As noted, the Debtor has a Chapter 7 discharge from her 2018 case and is not eligible for a Chapter 13 discharge, so the only purpose to another Chapter 13 case filing would be to stop the foreclosure process.

For these reasons, it is hereby

ORDERED: The Chapter 13 Trustee's Motion to Dismiss, ECF No. 37, is GRANTED pursuant to 11 U.S.C. § 1307(c); and it is further

ORDERED:  The Debtor's Motion to Dismiss, ECF No. 55, is DENIED as moot; and it is further

ORDERED:  This Chapter 13 case is dismissed with a bar to filing a bankruptcy petition under any chapter of the United States Bankruptcy Code in any jurisdiction through August 18, 2022 pursuant to 11 U.S.C. §§ 105(a), 349.

Dated this 18th day of August, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut